NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
California Bar No. 222875
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-0142
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$285,830.00 IN U.S. CURRENCY,<br><br>Defendant. | No. 2:19-cv-07331<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[C.B.P.] |

Plaintiff United States of America brings this claim against defendant $285,830.00 in U.S. Currency, and alleges as follows:

## JURISDICTION AND VENUE

1. The government brings this in rem forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $285,830.00 in U.S. currency (the "defendant currency"), seized by law enforcement officers on May 19, 2016 during a traffic stop on West Las Tunas Drive in San Gabriel, California, of a silver 2010 Toyota Prius, registered to Mei Xia Yeung, and in which Mei Xia Yeung and Lap Yan Yeung were traveling.

6. The defendant currency is currently in the custody of the United States Customs and Border Protection in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Mei Xia Yeung, Lap Yan Yeung and Gabo Inc. may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

*Background of Investigation*

8. Beginning in December 2015, the Department of Homeland Security – Homeland Security Investigations ("HSI"), the Rialto Police Department ("RPD") and the Inland Crackdown Allied Task Force ("INCA") (collectively referred to as "investigators") have been investigating the drug trafficking and money laundering activities of a drug trafficking organization ("DTO") operating in the United States, Mexico, and abroad.

9. On May 19, 2016, at approximately 10:15 a.m., investigators began conducting surveillance on Zepei Wu ("Wu"), an individual identified as one of the DTO's drug trafficking and money laundering coordinators, at the Garvey Inn located at 1040 E. Garvey Ave., Monterey Park, California. At approximately 10:53 a.m., investigators observed Wu and an individual later identified as Shao Ping Guan ("Guan") leave the Garvey Inn in a black Lexus SUV (the "Lexus SUV") registered to Mirium Wu at an address in Chula Vista, California. Investigators followed the Lexus

SUV to A1 Express, a shipping and mailing business located at 428 E. Garvey Ave., Monterey Park, California. At approximately 11:56 a.m., investigators observed Wu and Guan exit A1 Express through the front door, enter the Lexus SUV and leave the location. Investigators followed the Lexus SUV to a parking lot on the southeast corner of Garvey Ave. and Chandler Ave. in Monterey Park, California. Investigators lost sight of Wu and Guan after they got out of the Lexus SUV. However, at approximately 12:33 p.m., investigators saw Wu and Guan exit the Sham Tseng BBQ restaurant located at the southeast corner of Garvey Ave. and Chandler Ave. and enter the Lexus SUV.

10. Investigators then followed the Lexus SUV to 637-639 Hill Street, Los Angeles, California where Wu parked the Lexus. Wu was the driver of the Lexus and he never got out of the vehicle. Investigators saw Wu on his cell phone and it appeared that he was waiting for someone. Wu then drove the Lexus SUV around the block approximately three times before pulling into a covered parking garage located at 625 Hill Street. 637-639 and 625 Hill Street are the addresses of jewelry businesses located in the Jewelry District in downtown Los Angeles. The Lexus SUV stopped on the first floor of the parking structure and the hazard lights were activated. At approximately 1:30 p.m., investigators saw an unidentified black male ("UBM") carrying a black computer bag get into the backseat of the Lexus SUV, which then parked in a parking stall. At approximately 1:36 p.m., the Lexus SUV left the parking structure and parked on 6th Street, just east of Hill Street. The UBM got out of the Lexus SUV and walked westbound on 6th Street out of the investigators' view. Wu then repositioned the Lexus SUV, parking on the south side facing south on 6th Street and Lindley Place.

11. At approximately 2:07 p.m., the UBM walked back to the Lexus SUV from the west and placed four boxes in the backseat. The UBM then walked west away from the Lexus SUV and out of view. At approximately 2:13 p.m., the UBM walked back to the Lexus SUV from the west and placed three more boxes in the backseat. Investigators saw the UBM shake hands with Wu and then walk west. Investigators followed the Lexus SUV back to A1 Express at approximately 2:40 p.m. and saw Wu take three boxes

from the backseat into A1 Express. At approximately 2:57 p.m., Wu retrieved the last four boxes from the backseat of the Lexus SUV which appeared to be heavy and brought them inside A1 Express.

12. At approximately 4:10 p.m., investigators saw Wu and Guan enter the Lexus SUV and Wu drove to a parking lot located at the northwest corner of Valley Ave. and New Ave. in Alhambra, California. Investigators saw Wu meet with an Asian male, later identified as Lap Yan Yeung ("Yeung"), who was driving a silver 2010 Toyota Prius (the "Prius"). Wu gave Yeung three boxes from the Lexus SUV. Yeung put the three boxes into the Prius and left the parking lot. Investigators followed the Prius to Gabo Inc., a business located at 813 W. Las Tunas Drive, San Gabriel, California. Yeung took one box out from the trunk of the Prius and walked into Gabo Inc. At approximately 7:35 p.m., Yeung walked out of Gabo Inc. with an unidentified Asian female, later identified as Mei Xia Yeung ("Mei"), and they left the location in the Prius.

*Traffic Stop of the Prius*

13. At approximately 7:39 p.m., a San Gabriel Police Department ("SGPD") officer (the "officer") observed the Prius driving eastbound on Las Tunas Drive in San Gabriel, California. The officer initiated a traffic stop on the Prius for a violation of California Vehicle Code section 26708(a) (dark tinted windows). The driver of the Prius was identified as Yeung with a California driver's license and the front passenger was identified as Mei, Yeung's wife. The officer asked Yeung if there was anything illegal inside the Prius and Yeung said no. When asked for permission to search the Prius for guns, narcotics or any other illegal contraband, Yeung agreed and gave written consent.

14. During the search of the Prius, the officer found a gray medium-sized duffel bag in the trunk that was completely filled with rubber-banded bundles of U.S. currency. When asked about the currency, Yeung said that it belonged to him. When asked how much money was in the bag, Yeung said around $286,000. When asked why he had so much money in the car, Yeung stated that he had just withdrawn it from the bank. When the officer asked Yeung for a bank receipt, Yeung nervously stated that the money was

for purchasing fish. The officer asked Yeung again for a bank receipt and Yeung said that he had withdrawn the money from the bank two years earlier. When asked where he had been keeping the money for the last two years and why it was in the Prius, Yeung just looked at the officer as if he was trying to think of what to say. Yeung then told the officer that Chinese people like to pay in cash and that the money was to purchase fish.

15. A trained, state certified narcotics detecting canine named Veeda conducted a sniff search of the Prius. Veeda positively alerted to the rear of the Prius where the duffel bag was located, inside the Prius towards the trunk where the duffel bag was located, and to the duffle bag itself that contained the defendant currency, indicating the presence of narcotics or, as with respect to the defendant currency, the funds were in recent close proximity to narcotics. Veeda has received over 200 hours of training time during which Veeda successfully found training aids which contained actual narcotics. Veeda alerts to the scent of narcotics for which she is trained, which are marijuana, cocaine, methamphetamine, and heroin.

16. The officer then spoke with Mei, who stated that she did not know how much money was in the duffel bag. Mei stated that Yeung was supposed to buy sea cucumbers with the money inside the bag and then re-sell the sea cucumbers to someone else.

17. HSI investigators then arrived at the scene and spoke with Yeung. Yeung told the investigators that there was approximately $286,000 in the bag which he had withdrawn from Bank of America on 3-4 separate occasions a long time ago to use to buy seafood. When asked to detail his day, Yeung became visibly nervous. Yeung told the investigators the following. He left his house that morning at 10:30 a.m. with the bag of money and had traveled to a restaurant called New Capital for breakfast. Immediately thereafter, he had traveled to Gabo Inc., the business Yeung owned that sold antique gifts and novelties. At 3:30 p.m., Yeung had received a call from a person named Danny to order seafood. Yeung then traveled to City of Commerce to get the seafood, and immediately dropped it off to Danny.

18. Yeung then changed his story and told the officers that the money did not belong to him. Instead, he was supposed to drop it off to another person once he (Yeung) received a phone call. Yeung told the officers that he had transported bulk cash on two previous occasions and was paid $1,000 each time. When asked how much he would get paid relative to the funds that officers found, Yeung stated $1,000. Yeung said that in the past, he had kept money overnight until he received a phone call with instructions on whom to deliver the funds to and the location where Yeung should deliver the money. On this occasion, Yeung had traveled to the parking lot of the 168 Market located on Valley Boulevard and New Ave. in Alhambra, California at 5:00 p.m. and met with an Asian male named Poi Cau ("Cau") who was driving a dark blue Lexus. Yeung had received a bag of money from Cau and then went back to his store to wait for a phone call with further instructions. Yeung had met Cau approximately eight years earlier at a restaurant Yeung had owned. In addition, Yeung knew that Cau lived in Mexico, but did not know what Cau did for a living. Yeung also told the officers that his wife had no idea what he was doing or that there was money in the Prius.

19. When asked if he had a money transmitting license, Yeung stated no. Yeung also admitted that the money in the Prius was not intended to be used to purchase fish. Yeung also denied ownership of the currency and signed an abandonment form.

CLAIM FOR RELIEF

20. Based on the above, plaintiff alleges that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.

WHEREFORE, plaintiff United States of America prays that:

(a)   due process issue to enforce the forfeiture of the defendant currency;

(b)   due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

     (c)    this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

     (d)    for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: August 23, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   */s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Jesus Lopez, Jr., hereby declare that:

1. I am a Special Agent with the Department of Homeland Security – Homeland Security Investigations and the case agent for the forfeiture matter entitled United States of America v. $285,830.00 in U.S. Currency.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August __, 2019 in Los Angeles, California.

_____
JESUS LOPEZ, JR.